**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4278**

_____

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

CHRISTOPHER LAMAR CRAWLEY,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:13-cr-00206-NCT-1)

_____

Submitted:  September 25, 2014      Decided:  October 7, 2014

_____

Before KING, GREGORY, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James B. Craven, III, Durham, North Carolina, for Appellant.
Timothy Nicholas Matkins, Special Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lamar Crawley appeals from his conviction and 120-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether Crawley's sentence is "too much." Neither Crawley nor the Government has filed a brief. After a careful review of the record, we affirm.

Crawley avers that his sentence is too long, especially given that he is currently serving a related state sentence that might not be run concurrently.[*] The district court must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a) (2012). If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is

_____

[*] Counsel states that Crawley is due to be released from state custody on July 1, 2015.

2

unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, the district court imposed a sentence within the applicable Guidelines range, and it is, thus, deemed by this court to be presumptively reasonable. See Abu Ali, 528 F.3d at 261. Crawley has not rebutted that presumption on appeal, and the record provides no support for such a rebuttal. The after-imposed state sentence and the district court's failure to anticipate it do not render Crawley's sentence unreasonable. See Setser v. United States, 132 S. Ct. 1463, 1472-73 (2012). Thus, the district court committed no substantive error in imposing Crawley's sentence, and the court did not abuse its discretion in imposing the 120-month sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Crawley's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED